IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI BANK AND TRUST COMPANY OF KANSAS CITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4-10-CV-00123 |
| ONEBEACON CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

### ANSWER OF DEFENDANT
### ONEBEACON INSURANCE COMPANY

Defendant OneBeacon Insurance Company ("OneBeacon") for its Answer to plaintiff Missouri Bank and Trust Company of Kansas City's ("Missouri Bank") Complaint:

1. Admits the allegations of paragraph 1 of the Complaint.

2. Admits the allegations of paragraph 2 of the Complaint.

3. Admits the allegations of paragraph 3 of the Complaint.

4. Admits the allegations of paragraph 4 of the Complaint.

5. Admits the allegations of paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

7. Admits the allegations of paragraph 7 of the Complaint that One Beacon issued Financial Institution Bond no. 474-00-06-35-0000 (the "FIB") effective 12:01 a.m. 10/21/2008 to 12:01 a.m. 10/21/2011 and that Missouri Bank paid a premium to OneBeacon for the FIB in excess of $18,000, but states that the FIB speaks for itself as to its precise terms and conditions.

8. Admits the allegations of paragraph 8 of the Complaint that Exhibit A attached to the Complaint appears to contain the relevant provisions of the FIB pertaining to this claim.

9. Admits the allegations of paragraph 9 of the Complaint that One Beacon issued Management and Professional Liability Policy no. 474-00-06-35-0000 (the "MPL Policy") effective 12:01 a.m. 10/21/2008 to 12:01 a.m. 10/21/2011 and that Missouri Bank paid a premium to OneBeacon for the MPL Policy in excess of $19,000, but states that the MPL Policy speaks for itself as to its precise terms and conditions.

10. Admits the allegations of paragraph 10 of the Complaint and that Exhibit B attached to the Complaint (not Exhibit A as stated in paragraph 10 of the Complaint) appears to contain the relevant provisions of the MPL Policy pertaining to this claim.

11. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies them.

12. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 (and footnote 1) of the Complaint and, therefore, denies them.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies them.

14. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies them.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies them.

16. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, denies them.

17. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies them.

18. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies them.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, denies them.

20. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies them.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies them.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, denies them.

23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies them.

24. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complain and, therefore, denies them.

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complain and, therefore, denies them.

26. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, therefore, denies them.

27. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, denies them.

28. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies them.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, denies them.

30. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies them.

**COUNT I**

31. Admits and denies the allegations incorporated in paragraph 31 of Count I of the Complaint to the extent that it has admitted and denied them above.

32. Denies the allegations of paragraph 32 of Count I of the Complaint.

33. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of Count I of the Complaint and, therefore, denies them.

34. Denies the allegations of paragraph 34 of Count I of the Complaint.

35. Denies the allegations of paragraph 35 of Count I of the Complaint

36. Denies any other allegations of paragraphs 1-30 of the Complaint and Count I of the Complaint not mentioned above.

37. For further answer, defendant OneBeacon states that Count I of the Complaint fails to state a claim upon which relief can be granted.

38. For further answer, defendant OneBeacon states that the FIB does not provide coverage for the loss plaintiff alleges.

39. For further answer, defendant OneBeacon states that plaintiff has waived or is estopped to assert coverage for the loss it alleges in the Complaint.

Defendant OneBeacon, therefore, prays that plaintiff Missouri Bank take nothing from Count I of its Complaint, for its costs incurred and for such other relief as is proper under the circumstances.

**COUNT II**

40. Admits and denies the allegations incorporated in paragraph 36 of Count II of the Complaint to the extent that it has admitted and denied them above.

41. Denies the allegations of paragraph 37 of Count II of the Complaint.

42. Denies the allegations of paragraph 38 of Count II of the Complaint

43. Denies the allegations of paragraph 39 of Count II of the Complaint.

44. Denies the allegations of paragraph 40 of Count II of the Complaint.

45. Denies any other allegations of Count II of the Complaint not mentioned above.

46. For further answer, defendant OneBeacon states that Count II of the Complaint fails to state a claim upon which relief can be granted.

47. For further answer, defendant OneBeacon states that MPL Policy does not provide coverage for the loss plaintiff alleges.

48. For further answer, defendant OneBeacon states that plaintiff has waived or is estopped to assert coverage for the loss it alleges in the Complaint.

Defendant OneBeacon, therefore, prays that plaintiff Missouri Bank take nothing from Count II of its Complaint, for its costs incurred and for such other relief as is proper under the circumstances.

s/ Keith Witten
KEITH WITTEN
Missouri Bar no. 23586
BERNARD L. BALKIN
Missouri Bar no. 14631
Building 14, Suite 630
8717 West 110th Street
Overland Park, KS 66210
(913) 317-5100
Fax (913) 317-9100
kwitten@gh-kc.com

**ATTORNEYS FOR DEFENDANT
ONEBEACON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on this 16th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following: Kip D. Richards and J. Michael Vaughan, Walters Bender Strohbehn & Vaughan, P.C., 2500 City Center Square, 1100 Main Street, P.O. Box 26188, Kansas City, MO 64196, attorneys for plaintiff Missouri Bank and Trust Company of Kansas City; and I certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: none.

s/ Keith Witten
Attorneys for defendant OneBeacon Insurance Company