IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MISSOURI BANK AND TRUST COMPANY OF KANSAS CITY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-00123-CV-W-DGK |
| v. | ) ) | |
| ONEBEACON INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court are the parties' fully-briefed cross-motions for summary judgment. Docs. 34-35, 42-44, 47-48, 50. Missouri Bank and Trust Company ("MBT") seeks summary judgment on the amount of damages and prejudgment interest due under its contract claims, and seeks summary judgment on the merits of its vexatious refusal to pay claims.[1] OneBeacon Insurance Company ("OneBeacon") seeks summary judgment on MBT's vexatious refusal to pay claims. For the reasons discussed herein, MBT's Motion is GRANTED IN PART AND DENIED IN PART and OneBeacon's Motion is DENIED.

## Background

On February 11, 2010, MBT filed suit against OneBeacon, alleging that OneBeacon breached the terms of its policies in denying coverage for a loss based on a faxed fraudulent wire transfer request. Doc. 1. The Court granted MBT summary judgment on the merits of its contract claim related to the Financial Institution Bond ("FIB") on October 28, 2010. Doc. 12.

---

[1] MBT's vexatious refusal to pay claims are not denominated as separate counts in the Complaint, but rather are included in the underlying contract claims. However, MBT cites the specific Missouri statutes providing a cause of action for vexatious refusal and there does not appear to be any dispute that such claims are properly before the Court.

A more detailed recounting of the facts of the case can be found in that Order. The undisputed[2] facts material to these motions are as follows:

### A. MBT's Statement of Facts[3]

MBT claimed a loss of $196,575. The relevant deductible is $25,000, making MBT's recoverable loss $171,575. MBT submitted materials to OneBeacon on June 16, 2009, which the latter accepted as the Proof of Loss. The policy does not set a date for payment of claims, but prohibits legal action to recover prior to 60 days after the Proof of Loss. OneBeacon denied coverage on July 6, 2009 based on Insuring Agreement (K). OneBeacon then "confirmed" its denial of coverage on August 26, 2009. After initial denial, MBT and/or its insurance agent requested that OneBeacon analyze its coverage under Insuring Agreement (D). OneBeacon again denied coverage on September 14, 2009, writing that "the International Wire Transfer Request does not constitute one of the types of documents covered under Insuring Agreement (D)." This was the only communication MBT received from OneBeacon regarding Insuring Agreement (D). OneBeacon's underwriters drafted the FIB along with an "independent expert," Eric Emmett. OneBeacon had been writing these types of bonds for five to six years and considered itself relatively new to the area. OneBeacon believes that MBT's claim was its first involving a forged or fraudulent fax. OneBeacon is not sure if its underwriters consulted the Uniform Electronic Transactions Act in drafting the FIB. OneBeacon uses faxes in its business and regards them as a technology providing "an exact reproduction of [a] written piece of paper in paper form." OneBeacon decided to deny MBT's claim before involving legal counsel and is not relying on the defense of advice of counsel for MBT's vexatious refusal claim. OneBeacon

---

[2] Pursuant to the Local Rules, a properly supported fact is deemed admitted unless "specifically controverted." Local Rule. 56.1(a).
[3] These headings are provided for organization and ease of reading. A fact will only be listed once, though it might have been asserted up to four times—in each parties' Motion and response.

2

denied MBT's claim based solely on its interpretation of the FIB and did not consult dictionaries, technical bulletins, third-party interpretations, or Mr. Emmett before denying the claim. OneBeacon concedes that the insuring agreements in the FIB are not exclusive and that it considers the possibility that a claim might be covered under more than one insuring agreement. OneBeacon initially took the position that Insuring Agreement (K) was the only applicable portion of the FIB and did not consider (D) until asked to do so by MBT and its agent. OneBeacon admits that there is nothing in its file indicating that they considered any other insuring agreement until being asked to do so. OneBeacon does not contest any factual information submitted by MBT in connection with this claim.

### B. OneBeacon's Response

OneBeacon reached the decision to deny MBT's claim through consideration of several employees, including Marvin Alexander and Kerry Evenson, both of whom are attorneys. Mr. Alexander has "many years" of experience dealing with "fidelity claims in general and claims under [FIBs] in particular" for OneBeacon and his previous employer. OneBeacon knows of no commentaries, articles, case law or other discussions of whether a fax is "written" under the terms of the FIB and therefore could not have consulted any such source in considering MBT's claim.

### C. OneBeacon's Statement of Facts

OneBeacon does not assert any facts not stated elsewhere in support of its Motion for summary judgment on MBT's vexatious refusal claim.

### D. MBT's Response

MBT asserts that OneBeacon made the decision to deny its claim under Insuring Agreement (D) in July 2009, but did not inform MBT of this until September 2009. While

OneBeacon admits that it informed MBT of this decision in September, it denies that it reached this decision in July. The Court finds no new uncontroverted material facts in MBT's response.

**Standard**

A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, a party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, the non-movant must "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (quotations omitted).

Missouri law provides penalties for an insurer's vexatious refusal to pay. *See* Mo. Rev. Stat. § 375.420 ("[I]f it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee…"); *see also* Mo. Rev. Stat. § 375.296 (directing damages and fees under section 375.420). In order to succeed on a claim of vexatious refusal to pay, a plaintiff must show "(1) the claimant made a demand; (2) the insurer failed or refused to pay for a period of thirty days after the demand; and (3) the refusal to pay was vexatious and without reasonable cause." *Tauvar v. American Family Mut. Ins. Co.,* 269 S.W.3d 436, 439 (Mo. Ct. App. 2008). The vexatiousness or lack of reasonableness of the insurer's refusal is a question of fact. *Shirkey v. Guarantee Trust & Life Ins. Co.,* 258 S.W.3d 885, 887 (Mo. Ct. App. 2008). In order to qualify as vexatious, "the insured must show that the insurer's refusal to pay the loss

was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person before trial." *Russell v. Farmers & Merchants Ins. Co.,* 834 S.W.2d 209, 221 (Mo. Ct. App. 1992). *Russell* goes on to emphasize that the relevant time period is "before trial," making clear that simply successfully showing that the insurer should have paid does not entitle the insured to the benefit of the vexatious refusal statute. *Id.*

### Discussion

OneBeacon contested MBT's summary judgment Motion on the merits of its claim under the FIB. However, it does not contest the amount of loss—less the relevant deductible—and the propriety of prejudgment interest at the Missouri statutory rate of 9% from August 15, 2009. Accordingly, MBT's Motion for summary judgment GRANTED as to those points. MBT is entitled to judgment on its FIB claim in the amount of $201,739.30--$171,575 plus $30,164.30 in prejudgment interest.

**A. The Record Does Not Establish OneBeacon's Liability or Lack of Liability for Vexatious Refusal to Pay as a Matter of Law**

The first two elements of a vexatious refusal to pay claim do not appear to be in dispute. The material facts establish that MBT made a claim on June 16, 2009. OneBeacon denied MBT's claim multiple times and thirty days have passed since demand was made. For the purposes of this Motion, the Court finds the first two elements of a vexatious refusal to pay claim established. The only remaining issue is whether OneBeacon's denial was "vexatious and without reasonable cause." *Tauvar,* 269 S.W.3d at 439. Other cases describe the burden differently—"without reasonable cause or excuse," for example. *Browning v. GuideOne Specialty Mut. Ins. Co.,* -- S.W.3d --, 2011 WL 2183173, at *5 (Mo. Ct. App. 2011). *See also* MAI 10.08 (6th ed. 2002) ("without reasonable cause or excuse," no mention of subjective bad faith). This strongly suggests that, as a legal term of art, vexatious is used interchangeably with

5

"unreasonable" and that the proper inquiry is objective. *But see* Webster's Third New International Dictionary 2548 (2002) (defining "vexatious" as "lacking justification *and intended to harass*) (emphasis added).

In support of its argument that OneBeacon's decision was unreasonable, MBT offers two arguments. First, MBT argues that OneBeacon's position was *a priori* unreasonable in light of the policy language. Second, MBT argues that OneBeacon's failure to investigate the claim and failure to consider other potential avenues of coverage is indicative of vexatiousness. Regarding the latter argument, the record simply does not establish that OneBeacon failed to properly investigate this claim. To the contrary, the record establishes that OneBeacon promptly responded and fully explained its decisions. Dep. Exs. 6-7. While OneBeacon apparently did not follow its own policy of considering all possible avenues of coverage when reviewing a claim, the fact remains that it considered Insuring Agreement (K) when asked to do so and considered Insuring Agreement (D) when asked to do so. It did so promptly and sent lengthy letters explaining its denials. *Id.* On this record, the Court cannot find that OneBeacon's conduct in considering this claim gives rise to liability for vexatious refusal to pay. Furthermore, when considering the facts in the light most favorable to MBT, the Court cannot find that OneBeacon is entitled to summary judgment that its conduct was *not* vexatious or unreasonable as a matter of law.

Regarding the reasonableness of OneBeacon's substantive position, the Court notes that both parties agree that there is a dearth of authority on this issue. Insurers are allowed to insist a judicial determination of an open question of law without penalty. *Wood v. Safeco Ins. Co. of America,* 980 S.W.2d 43, 55 (Mo. Ct. App. 1998). "A litigable issue exists, for instance, when there are no Missouri cases directly addressing the coverage issue." *Id.* (citing *Webb v. Hartford*

*Casualty Inc. Co.,* 956 S.W.2d 272, 276 (Mo. Ct. App. 1998)). Conversely, even in the absence of authority, insurers are not permitted to demand judicial resolution of an issue unless they have both a subjective and an objectively reasonable belief that there is not coverage or that they have a defense. *Smith ex rel. Stephan v. AF & L Ins. Co.,* 147 S.W.3d 767, 778 (Mo. Ct. App. 2004). MBT argues that OneBeacon took the unreasonable position that the insuring agreements were exclusive and also that a fax was not a writing under the FIB. Regarding the former, while OneBeacon now admits that the FIB's insuring agreements are *not* exclusive, this is essentially a rehashing of the argument that OneBeacon wrongly failed to consider multiple insuring agreements. OneBeacon relied on the maxim of construction *expressio unius est exclusio alterius* in order to argue that that Insuring Agreement (K) was the sole basis of coverage related to faxes. The Court rejected this argument, finding that it stretched this maxim of construction too far and that the maxim applies when words themselves are ambiguous. But that does not mean that it was an unreasonable and vexatious position to take, despite the fact that OneBeacon now apparently admits that it was incorrect. OneBeacon took a position supporting the arguably reasonable application of a well-established tenet of construction to this situation, and the Court cannot find that this was vexatious as a matter of law.

OneBeacon also took the position that a fax was an electronic record under its policy, and therefore not covered by Insuring Agreement (D). The Court's conclusion was that, while faxes are certainly sent by electronic means, the terms of the policy showed that in this situation, the wire transfer was a "Writing/Written" because it had been "intentionally reduced to tangible form, either by the party sending it by fax or by the MBT employee who retrieved it." Doc. 22 at 7. Considering the fact that faxes are *sent* by electronic means, the Court's conclusion turned on the fact that the fax at issue was retrieved rather than *retrievable*. Furthermore, the inconsistent

7

exclusivity[4] of the FIB's definitions adds to the Court's conclusion that it cannot find that OneBeacon's position, though incorrect, was vexatious as a matter of law.

## Conclusion

The undisputed material facts establish that MBT is entitled to judgment as a matter of law on its FIB claim in the amount of $201,739.30 constituting the principal loss amount, less the relevant deductible, plus prejudgment interest. Both parties seek summary judgment on MBT's vexatious refusal to pay claims. Missouri law is clear that the vexatiousness of an insurer's action is a question of fact. Given this record, the Court cannot grant either party summary judgment on vexatious refusal. To be clear, the Court is in no way questioning its summary judgment order of October 28, 2010. But reasonableness *must* be viewed independently from the underlying contract claims, or else the statutory penalties become automatic any time an insurer is wrong; a result clearly at odds with the statute. Numerous facts cut both ways. For example, when considering the fact that OneBeacon had never reviewed this type of claim before, a jury might think that they should have undertaken a much deeper review of the policy. Conversely, another jury might give OneBeacon the benefit of the doubt in light of the relative uniqueness of the claim. Such is the nature of a fact issue like "reasonableness." For the foregoing reasons, MBT's Motion is GRANTED IN PART AND DENIED IN PART and OneBeacon's Motion is DENIED.

**IT IS SO ORDERED**

Dated: July 29, 2011                              /s/ Greg Kays
                                                  GREG KAYS
                                                  UNITED STATES DISTRICT JUDGE

---

[4] Electronic records are explicitly excluded from the definition of Writing/Written, but not vice versa.